PATERSON MILK AND CREAM COMPANY, INCORPORATED, PROSECUTOR, v. THE MILK CONTROL BOARD OF THE STATE OF NEW JERSEY, CONSISTING OF WILLIAM B. DURYEE, CHAIRMAN, DAMON G. HUMPHRIES, VICE-CHAIRMAN, JOHN V. BISHOP, FLOYD E. BECKER AND MRS. OAKLEY W. COOKE, RESPONDENTS.

Submitted May 14, 1937—Decided July 7, 1937.

Before Justices BODINE, HEHER and PERSKIE.

For the prosecutor, *Herman Shapiro.*

For the respondent, *Edward W. Currie.*

BODINE, J. The writ of *certiorari* brings up for review an order of the milk control board of this state, whereby prosecutor's license was revoked. It was licensed as a milk dealer under the provisions of *Pamph. L.* 1935, *ch.* 175, *p.* 420. The reason for the revocation was that the licensee purchased other than grade A milk from producers at prices below those fixed in official orders; that it failed to file true and accurate reports of its operations and did file misleading reports and during the period of the license did sell the United States government milk at a price less than that fixed by the board.

The prosecutor's first point is that the milk control board is without jurisdiction in that the order of revocation was signed by one of the members of the milk control board who was not present at the hearing. This does not appear to be a fact. The record discloses that this member was not present when the hearing was adjourned but at the adjourned meeting when the proofs were taken he was present.

The second point made is that sales made to the United States government by the prosecutor, at prices below those fixed by the milk control board, were not subject to the Milk Control act of this state. Price fixing by a state milk control board was held constitutional in *Nebbia* v. *New York*, 291 *U. S.* 502. It was settled in *Trinityfarm Construction Co.* v. *Grosjean,* 291 *Id.* 466, that where the United States deals with a corporation the corporation with which it deals is subject to state regulations. Hence, it would seem that the prosecutor was obliged to obey the reasonable regulations of the milk control board of this state, and the fact that he dealt with the United States government is no justification for his disregard of the reasonable regulations of this state.

It is unnecessary for us to consider whether there was any evidence as to whether the prosecutor entered into secret arrangements or did any of the other acts charged. The milk control board was well within its rights in revoking prosecutor's license for selling milk at a price less than that fixed by the board.

The writ will be dismissed.